UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACOB BRAMAN,

    Plaintiff,

v.

D B INDUSTRIES, LLC
d/b/a CAPITAL SAFETY USA,

    Defendant.

Case No. 2:16-CV-13897-VAR-MKM

Judge Victoria A. Roberts
Magistrate Judge Mona K. Majzoub

---

| | |
|---|---|
| CRAIG E. HILBORN (P43661)<br>KEVIN C. RIDDLE (P57435)<br>HILBORN & HILBORN, P.C.<br>Attorneys for Plaintiff<br>999 Haynes, Suite 205<br>Birmingham, MI 48009 (248) 642-8350 | THOMAS J. FOLEY (P31111)<br>KIM J. SVESKA (P62125)<br>SAULIUS D. POLTERAITIS (P68840)<br>FOLEY, BARON, METZGER & JUIP, PLLC<br>Attorneys for Defendant DB Industries<br>38777 Six Mile Road, Suite 300<br>Livonia, MI 48152 (734) 742-1800 |
| BARRY CONYBEARE (P52056)<br>MATTHEW CONKLIN (P71194)<br>CONYBEARE LAW OFFICE, P.C.<br>Attorneys for Plaintiff<br>519 Main St.<br>Saint Joseph, MI 49085 (269) 983-0561 | GERARDO ALCAZAR<br>BLACKWELL BURKE, P.A.<br>Attorney for Defendant DB Industries<br>431 South Seventh Street, Suite 2500<br>Minneapolis, MN 55415 (612) 343-3225 |

---

## **DB INDUSTRIES, LLC d/b/a CAPITAL SAFETY'S MOTION FOR PROTECTIVE ORDER**

NOW COMES Defendant DB Industries, LLC d/b/a Capital Safety USA ("Capital Safety"), by and through its attorneys, FOLEY, BARON, METZGER & JUIP, PLLC, and BLACKWELL BURKE, P.A., and for its Motion for Protective Order, pursuant to Fed. R. of Civ. P. 26(c), states as follows:

1

1. Counsel for Capital Safety has requested concurrence from counsel for Plaintiff regarding this Motion in accordance with Fed. R. Civ. P. 26(c)(1) and Local Rule 7.1 by email on January 18, 2017. Counsel for Plaintiff did not consent or limit their demands.

2. Capital Safety seeks a Protective Order preventing disclosure of information and/or documents under Fed. R. Civ. P. 26(c)(1)(G) because the requested information and/or documents contain confidential, trade secret, and/or proprietary information.

3. This Motion is supported by the attached Brief in Support.

WHEREFORE, Capital Safety respectfully requests that this Court grant Capital Safety's Motion, and grant the following relief:

    A.    enter the proposed protective order attached hereto as Exhibit 1; and
    B.    any other relief this Court deems just and appropriate.

Respectfully submitted,

Dated: February 3, 2017

By: /s/Gerardo Alcazar
Gerardo Alcazar (Admitted *Pro Hac Vice*)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Tel.: (612) 343-3225; Fax: (612) 343-3205

And

Thomas J. Foley (P31111)
Kim J. Sveska (P62125)
Saulius D. Polteraitis (P68840)
38777 Six Mile Road, Suite 300
Livonia, MI 48152
Tel.: (734) 742-1825; Fax: (734) 521-2379

*Attorneys for Defendant DB Industries d/b/a Capital Safety USA*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACOB BRAMAN,

        Plaintiff,

v.

D B INDUSTRIES, LLC
d/b/a CAPITAL SAFETY USA,

        Defendant.

Case No. 2:16-CV-13897-VAR-MKM

Judge Victoria A. Roberts
Magistrate Judge Mona K. Majzoub

---

| | |
|---|---|
| CRAIG E. HILBORN (P43661)<br>KEVIN C. RIDDLE (P57435)<br>HILBORN & HILBORN, P.C.<br>Attorneys for Plaintiff<br>999 Haynes, Suite 205<br>Birmingham, MI 48009 (248) 642-8350 | THOMAS J. FOLEY (P31111)<br>KIM J. SVESKA (P62125)<br>SAULIUS D. POLTERAITIS (P68840)<br>FOLEY, BARON, METZGER & JUIP, PLLC<br>Attorneys for Defendant DB Industries<br>38777 Six Mile Road, Suite 300<br>Livonia, MI 48152 (734) 742-1800 |
| BARRY CONYBEARE (P52056)<br>MATTHEW CONKLIN (P71194)<br>CONYBEARE LAW OFFICE, P.C.<br>Attorneys for Plaintiff<br>519 Main St.<br>Saint Joseph, MI 49085 (269) 983-0561 | GERARDO ALCAZAR<br>BLACKWELL BURKE, P.A.<br>Attorney for Defendant DB Industries<br>431 South Seventh Street, Suite 2500<br>Minneapolis, MN 55415 (612) 343-3225 |

---

**MEMORANDUM IN SUPPORT OF DB INDUSTRIES, LLC d/b/a CAPITAL SAFETY
USA'S MOTION FOR PROTECTIVE ORDER**

    NOW COMES Defendant DB INDUSTRIES, LLC d/b/a CAPITAL SAFETY USA ("Capital Safety"), by and through its attorneys, FOLEY, BARON, METZGER & JUIP,

3

PLLC, and BLACKWELL BURKE, P.A., and for its Brief in Support of Motion for Protective Order, pursuant to Fed. R. of Civ. P. 26(c), states as follows:

## I. INTRODUCTION

This case arises out of an allegedly defective fall protection product manufactured by Capital Safety, specifically the DBI-SALA Lad-Saf Cable Sleeve ("Lad-Saf sleeve"). Plaintiff Jacob Braman alleges that the Lad-Saf sleeve he was using while working on a cell tower failed to engage after he slipped and fell, causing lower limb injuries from the ground impact. Plaintiff alleges product liability causes of action against Capital Safety under Michigan law. Several other lawsuits arising from incidents involving Capital Safety's Lad-Saf sleeves are pending in jurisdictions apart from this Court.

Discovery is in its early stages in this matter, and Plaintiffs have recently served Capital Safety with document requests seeking, among other things, testing data and analyses for the Lad-Saf sleeve. Plaintiff's requests seek non-public confidential, trade secret, proprietary and/or competitively/commercially sensitive information and documents, the disclosure of which would harm Capital Safety's competitive and business advantage in the marketplace. To address Capital Safety's concern over production of such competitively sensitive materials -- and to facilitate the production of Plaintiff's medical and personal identifying information and documents -- the parties agreed to the necessity of a protective order.

Plaintiff provided the initial draft of the proposed protective order on December 19, 2016. Included in Plaintiff's proposed protective order was language permitting counsel for Plaintiff to share Capital Safety's confidential documents with attorneys representing parties in any other case where the alleged injury resulted from a fall while using a Lad-

4

Saf sleeve. Capital Safety could not agree to permit the sharing of its confidential documents with attorneys not associated with this case, and instead provided Plaintiff's counsel with a different proposed protective order on December 27, 2016, that did not include the sharing provision. Counsel for the parties continued negotiating various aspects of the proposed protective order, ultimately reaching an agreement on January 18, 2017, as to most of the proposed protective order's language – the only remaining dispute is whether the protective order should permit Plaintiff's counsel to share Capital Safety's confidential information and documents with other attorneys who are also prosecuting cases involving the Lad-Saf sleeve.[1]

This case involves one plaintiff and one allegedly defective product. Capital Safety is not requesting that discovery of its confidential information and documents be denied to Plaintiff. Capital Safety objects to expanding the scope of the proposed protective order to include Plaintiff's sharing provision language, and submits that the proposed protective order attached as Exhibit 1 adequately affords Plaintiff access to the confidential information and documents necessary for the development of his case.

---

[1] The sharing provision proposed by Plaintiff in the most recent iteration of the proposed protective order includes the following language:

"<u>Use of Confidential Material Limited</u>. Confidential Material shall be treated as confidential and used (1) by counsel in this case solely for the litigation of this case *or (2) by counsel in other actions arising out of the same or similar set of facts, transactions, or occurrences that are asserted in the complaint filed in this case solely for the litigation of such actions*….;" and

"<u>Permitted Disclosures</u>. Confidential Material may be shown, disseminated, or disclosed only to the following persons:

\* \* \*

(e)    Deponents, witnesses, or potential witnesses*; and any attorney, expert, or consultant representing a party in other present or future cases in any court in the United States against Defendants alleging claims arising out of the same or similar set of facts, transactions, or occurrences that are asserted in the complaint filed in this case (Lad-Saf failure to arrest fall)…"*

(emphasis added).

Accordingly, Capital Safety respectfully requests that the Court enter the proposed protective order attached as Exhibit 1.

## II. STANDARD OF REVIEW

Pursuant to Fed. R. of Civ. P. 26(c), the Court may, for good cause, issue an order to protect a party or a person from annoyance, embarrassment, oppression, or undue burden or expense, including forbidding the disclosure of discovery; forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; or requiring that a trade secret or other confidential research, development, or commercial information not be revealed.  Fed. R. Civ. P. 26(c)(1)(A), (D) and (G).  The district courts have "'wide discretion' to limit discovery, and must balance the relative benefits and burdens," *Price v. Hartford Life & Acc. Ins. Co.*, 746 F. Supp. 2d 860, 867 (E.D. Mich. 2010) (*citing Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 906 (6th Cir. 1991)), and "the power to enter protective orders limiting discovery as the interests of justice require," *Degen v. United States*, 517 U.S. 820, 826, 116 S. Ct. 1777, 1782, 135 L. Ed. 2d 102 (1996).  The party seeking a protective order has the burden of showing good cause exists. *Napier v. County of Washtenaw*, 2013 WL 1395870 (E.D. Mich. April 5, 2013) (*citing Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001). To show good cause, the movant must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought. *Id.*

## III.  ARGUMENT

Plaintiff's discovery requests to Capital Safety seek confidential, trade secret, and commercially sensitive information and documents relating to testing and analyses of the Lad-Saf sleeve, the disclosure of which would harm Capital Safety's competitive and

business advantage in the marketplace. Good cause exists to enter the proposed protective order attached as Exhibit 1 -- and exclude the Plaintiff's proposed language permitting the sharing of Capital Safety's confidential documents and information with attorneys not associated with this case -- for the following reasons: (1) Capital Safety's proposed protective order does not in any way prejudice Plaintiff in preparing and prosecuting his claims in this case; (2) Plaintiff's sharing provision would require the Court to address disputes and make determinations related to actions in other jurisdictions, defeating judicial economy; and (3) Plaintiff's proposed sharing provision will provide counsel in other cases an inappropriate tactical advantage against Capital Safety.

**A.** *Capital Safety's proposed protective order does not limit Plaintiff's ability to prosecute his claims in this case.*

One of the purposes of a protective order is to limit the dissemination of confidential trade-secret and proprietary information. *Fed. R. Civ. P. 26(c)(1)(G)*. Capital Safety's proposed protective order adequately achieves this goal while permitting the Plaintiff, Plaintiff's counsel, and Plaintiff's experts access the Capital Safety's confidential documents and information. Plaintiff and his attorneys are not prejudiced in their ability to review the confidential materials, consult their experts, and formulate a prosecution strategy. Persons assisting Plaintiff and his attorneys in preparing the case against Capital Safety are also covered under the proposed protective order. In no way does the proposed protective order prevent Plaintiff's counsel from consulting with attorneys in other cases about non-confidential information and documents. Accordingly, Plaintiff's counsel will not be prejudiced by their inability to exchange confidential information and documents with plaintiffs' attorneys who are prosecuting cases against Capital Safety in different jurisdictions and operating under different protective orders – Plaintiff simply will

not be able to disseminate the confidential materials to individuals not under the jurisdiction and control of this Court.

### B. *Plaintiff's proposed sharing provision defeats judicial economy.*

Plaintiff's proposed sharing provision, as expressed in the last iteration of the proposed protective order, would permit the use of Capital Safety's confidential information and documents "by counsel in other actions arising out of the same or similar set of facts, transactions, or occurrences that are asserted in the complaint filed in this case solely for the litigation of such actions," and would permit disclosure of Capital Safety's confidential information and documents to "any attorney, expert, or consultant representing a party in other present or future cases in any court in the United States against Defendants alleging claims arising out of the same or similar set of facts, transactions, or occurrences that are asserted in the complaint filed in this case (Lad-Saf failure to arrest fall)."  Whether a plaintiff's claim or action arises "out of same or similar set of facts, transactions, or occurrences that are asserted" in Plaintiff's Complaint will undoubtedly be a contentious issue, requiring the Court to address multiple disputes and make determinations relating to claims and actions not before the Court.  The Plaintiff's sharing provision, therefore, would effectively require the Court to dictate whether evidence is discoverable in a proceeding over which it has no jurisdiction, a course which courts have raised concern.  *See, e.g., Wausau Underwriters Ins. Co. v. Reliable Transportation Specialists, Inc.,* 2016 WL 6638698, at *2 (E.D. Mich. July 13, 2016) ("the updated [proposed protective order] language does not change the substantive concern because it still aims, without any supporting authority, to have this Court dictate whether a party may admit evidence in a proceeding over which this Court has no jurisdiction").

8

Additionally, the Court would be required to retain jurisdiction over these protective order disputes for an indefinite period of time, even well after this case is resolved. Judicial economy is not promoted under this scenario. The better use of judicial resources is for courts in other Lad-Saf sleeve cases to implement, manage, and enforce their own protective orders, in conjunction with the needs of the parties (which may differ in each case). And with local district courts managing their own protective orders in the cases and attorneys before them, the risk of disclosure, inadvertent or otherwise, of Capital Safety's confidential information and documents will be decreased.

**C.** ***Plaintiff's proposed sharing provision provides counsel in other cases a tactical advantage against Capital Safety.***

Plaintiff's proposed sharing language is a not-so-veiled attempt to develop litigation efficiencies among the various plaintiffs' attorneys around the country who have or will bring claims against Capital Safety in several different jurisdictions where the Lad-Saf sleeve is at issue. Rule 26(c) recognizes the need for balance between one party's need for discovery and another's need to preserve trade-secret and proprietary information. As such, the objective of a protective order is to limit the dissemination of trade-secret or proprietary information in discovery, not to provide plaintiffs' attorneys a tactical advantage through the creation of economies of scale for similar claims in multiple cases. Accordingly, Capital Safety respectfully submits that Plaintiff's sharing language is neither necessary for the development of Plaintiff's case nor appropriate under the Federal Rules of Civil Procedure.

WHEREFORE, Capital Safety respectfully requests that this Court grant Capital Safety's Motion, and grant the following relief:

A. enter the proposed protective order attached hereto as Exhibit 1; and

B. any other relief this Court deems just and appropriate.

Respectfully submitted,

Dated: February 3, 2017

By: /s/Gerardo Alcazar
Gerardo Alcazar (Admitted *Pro Hac Vice*)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Tel.: (612) 343-3225; Fax: (612) 343-3209

And

Thomas J. Foley (P31111)
Kim J. Sveska (P62125)
Saulius D. Polteraitis (P68840)
38777 Six Mile Road, Suite 300
Livonia, MI 48152
Tel.: (734) 742-1825; Fax: (734) 521-2379

*Attorneys for Defendant D B Industries d/b/a Capital Safety USA*

## **CERTIFICATE OF SERVICE**

This is to certify that on the 3RD day of February 2017, the undersigned served the within and foregoing **CAPITAL SAFETY'S MOTION FOR PROTECTIVE ORDER and BRIEF IN SUPPORT** upon the following:

Craig E. Hilborn
Kevin C. Riddle
Hilborn & Hilborn, P.C.
999 Haynes, Suite 205
Birmingham, MI 48009
(248) 642-8350

Barry Conybeare
Matthew Conklin
Conbeare Law Office, P.C.
519 Main St.
Saint Joseph, MI 49085
(269) 983-0561

via the Court's ECF system and upon:

                                          /s/Stephanie Luitjens
                                          Stephanie Luitjens

## **INDEX OF EXHIBITS**

**Exhibit**

1          Proposed Protective Order